IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARWIN SILVA COVA,

    *Petitioner*,

v.

MICHAEL T. ROSE, *et al*,

    *Respondents*.

Civil Action No. 3:26-cv-101

Hon. William S. Stickman IV

## MEMORANDUM ORDER

Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner, a citizen of Venezuela, is currently detained at Lewisburg United States penitentiary. He entered the United States on or about March 2, 2024, after making illegal entry and was detained by U.S. Border Patrol. The next day, he was released on an Order of Recognizance. Petitioner was rearrested on May 21, 2025. His removal proceedings remain ongoing. On July 16, 2025, the immigration judge denied his request for a bond hearing for lack of jurisdiction based on *Matter of Li*, 29 I. & N. Dec. 66 (BIA 2025). Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), and the appeal remains pending. (ECF No. 1 ¶ 46). The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Li* and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the

1

United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Petitioner's detention is governed by § 1226(a) and the Court holds that he has a statutory right to a bond hearing.

AND NOW, this 11th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive a bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief. The Court lacks jurisdiction to enjoin Petitioner's transfer.

In light of the recent opinion of the United States Court of Appeals for Third Circuit, *Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd Cir. Feb. 2, 2026), should he wish to do so, Petitioner shall file any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) within ten (10) days.

BY THE COURT:

/s/William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE